**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ARAMARA BEAUTY, LLC D/B/A GLOW RECIPE,** | |
| **Plaintiff,** | **Civil Action No. _____** |
| **v.** | ***JURY TRIAL DEMANDED*** |
| **BUMP HEALTH, INC.,** | |
| **Defendant.** | |

## COMPLAINT

Plaintiff Aramara Beauty, LLC d/b/a Glow Recipe ("Plaintiff" or "Glow Recipe"), by and through its attorneys, Blank Rome LLP, files this Complaint against Defendant Bump Health, Inc. ("Defendant" or "Bump Health") alleging, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## THE PARTIES

1.      Plaintiff Aramara Beauty, LLC d/b/a Glow Recipe is a limited liability company organized and existing under the laws of New York and having a principal place of business at 43 West 24th Street, Suite 702, New York, New York 10010. Plaintiff conducts business throughout the United States.

2.      Upon information and belief, Defendant Bump Health, Inc. is a corporation organized and existing under the laws of Illinois and having its principal place of business at 1506 West Detweiller Drive, Peoria, Illinois 61615. Defendant has no connection, association, or affiliation with Plaintiff.

## JURISDICTION

3.      The Court has subject matter jurisdiction over this action by virtue of the Lanham

Act, particularly on the basis of 15 U.S.C. § 1121, as well as pursuant to 28 U.S.C. §§ 1331

(Federal Question), 1332(a) (Diversity of Citizenship), and 1338(a) and (b) (jurisdiction over civil

actions arising under the Trademark Act and supplemental claims of unfair competition), and 28

U.S.C. § 1367 (Supplemental Jurisdiction).  Jurisdiction also exists pursuant to 28 U.S.C. § 2201

for actions seeking a declaratory judgment.

4.      The Court has personal jurisdiction over Defendant because it regularly and

intentionally does business in this district, including advertising, offering for sale, selling and

shipping its products in this district. Defendant has also engaged in the wrongful acts alleged herein

in the State of Illinois.

## VENUE

5.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant

resides in this district.  Indeed, upon information and belief, Defendant is a registered Illinois

corporation with a principal place of business located in Peoria, Illinois, which falls squarely in

this district. Venue also is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial

part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

### A.      *Plaintiff Glow Recipe's Business and Protected Intellectual Property*

6.      Glow Recipe is a renowned cosmetic and skincare brand trusted for its clinically

effective, fruit-forward, and clean products. The company was founded as a small start-up business

in 2014 by co-founders Mee (Christine) Chang ("Christine Chang") and Sarah Sha ("Sarah Lee"),

with a vision towards sharing beauty innovations and trends from Korea to customers around the world.

7.      Christine and Sarah joined forces in utilizing their bicultural and bilingual beauty backgrounds to pursue this dream of expanding access to Korean skincare products. With this vision in mind, Glow Recipe has curated unique product offerings inspired by skincare traditions and rituals in Korean.  Examples of Glow Recipe's products are depicted below in <u>Table 1</u>:

<u>**TABLE 1**</u>





8.      Indeed, one of Glow Recipe's top-rated products – the Watermelon Glow Sleeping Mask® – was inspired by the childhood memory of playing outside in the hot summer months in South Korea, and Christine and Sarah's grandmothers rubbing watermelon rinds on their heat rashes to hydrate and heal their skin. The founders tested over a thousand formulations to perfect this innovative Watermelon Glow Sleeping Mask® before introducing it to consumers. Once it hit the market, the product sold out *numerous* times with *thousands* of people lined up on a waitlist. See **Exhibit A** attached hereto for a true and correct copies of articles from various websites highlighting the fact that Glow Recipe's Watermelon Glow Sleeping Mask® was popular, required a waitlist and would frequently sell out.

9.      What the founders never envisioned is that their two-woman operation would quickly emerge as a multi-million-dollar business that is now a leading prestige skincare brand in the United States; as evidenced by its numerous industry awards and accolades, including without limitation Women's Wear Daily ("WWD") 2023 Category Builder of the Year Award, Adweek's Creator Visionary Award and Allure's Best of Beauty Award.

4

10.     Over the years, Glow Recipe has secured numerous trademark and service mark registrations and applications to protect its creative branding, including the following marks (collectively, the "GLOW RECIPE Marks"):

| Mark | Reg. No. | Reg. Date (App. Date) | Class + Goods/Services | Date of First Use in Commerce |
|---|---|---|---|---|
| **GLOW RECIPE** | 6934127 | Dec. 27, 2022 (Nov. 21, 2021) | Class 35: *retail store services featuring virtual goods, namely, bags, clothing, headwear, footwear, cosmetics, non-medicated skin care preparations, personal care products, swimwear, art, and accessories for all of the foregoing for use in online virtual worlds; retail store services featuring cosmetics and non-medicated skin care preparations; on-line retail store services featuring cosmetics and non-medicated skin care preparations* | Aug. 1, 2014 |
| **GLOW RECIPE** | 4755299 | June 16, 2015 (Oct. 22, 2014) | Class 03: *body and beauty care cosmetics; make-up; non-medicated skin care preparations* | Aug. 1, 2014 |

See **Exhibit B** attached hereto for a true and correct copy of the U.S. Certificates of Registration for the GLOW RECIPE Marks. U.S. Trademark Registration No. 4755299 for the mark GLOW RECIPE has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.  See id.

11.     Since its founding, Glow Recipe has expended a substantial amount of time, energy, and resources promoting and marketing the GLOW RECIPE Mark so that consumers would instantly recognize the GLOW RECIPE Mark as originating from Glow Recipe.

12.     Since 2014, Glow Recipe has spent about $56,000,000 in marketing and advertising efforts to promote its Glow Recipe brand and products.

13.     Glow Recipe has consistently been featured in major news media outlets on numerous occasions, such as Vogue Business, Fortune, Allure, Glossy Pop, and WWD, highlighting the company's unique history and innovative products.

14.     Glow Recipe has also expanded its retail outlets from its website (www.glowrecipe.com) to various major retail locations, such as Sephora, Mecca and Cult Beauty.

15.     Glow Recipe's brand recognition has also skyrocketed as major celebrities have started using and promoting the brand. By way of example, Drew Barrymore has featured Glow Recipe in her own skincare routine and promoted it as one of her top 10 gifts. See **Exhibit C**, Ruby McAuliffe, InStyle, "Drew Barrymore Named This Night Serum One of Her Top Gift Picks" (Nov. 30, 2022), available at https://www.instyle.com/drew-barrymore-glow-recipe-overnight-mask-6834492.

16.     To date, Glow Recipe has generated about $427,000,000 in gross revenue from the sale of products under the Glow Recipe brand.

17.     It is understatement to say that Glow Recipe has worked tirelessly to build its business, reputation, and brand from the ground up.

### B.     *Defendant Bump Health's Business*

18.     Upon information and belief, Defendant is a women's health brand that provides pregnancy subscription box services and skincare products for pregnancy.

19.     Defendant secured a trademark registration for the following standard character mark GLOW ORGANICS in connection with "*organic cosmetics; non-medicated, organic skin care preparations*" (the "GLOW ORGANICS Mark"):

| Mark | Reg. No. | Reg. Date (App. Date) | Class + Goods/Services | Date of First Use in Commerce |
|------|----------|-----------------------|------------------------|-------------------------------|

| GLOW ORGANICS | 5257987 | Aug. 1, 2017 (Sept. 21, 2016) | <u>Class 3</u>: *Organic cosmetics; non-medicated, organic skin care preparations* | Dec. 31, 2016 |
|---|---|---|---|---|

### C.   <u>Defendant Bump Health's Unlawful Use of the GLOW ORGANICS Mark in Connection with Retail Store Services for Skincare Products</u>

20.     Plaintiff has become aware that Defendant is providing online retail store services for skincare products under a confusingly similar brand – GLOW ORGANICS – without Plaintiff's consent or authorization. Notably, Plaintiff's prior registration for GLOW ORGANICS does not cover online retail store services.  Examples of Defendant's unlawful use of the GLOW ORGANICS Mark in connection with online retail store services are depicted below in <u>Table 2</u>:

**TABLE 2**

 



21.     Defendant does <u>not</u> own proprietary rights to the GLOW ORGANICS Mark for such retail store services for skincare products.

22.     Indeed, Defendant has <u>no</u> service mark registration to cover the offering of retail store services under the GLOW ORGANICS Mark.

23.     Rather, Defendant's unauthorized and unlawful use of the GLOW ORGANICS Mark in the context of online retail store services for skincare products squarely infringes upon Plaintiff's registered and exclusive rights to the GLOW RECIPE Marks.

24.     Indeed, Plaintiff has secured exclusive, registered rights to the GLOW RECIPE Mark in connection with online retail store services for skincare products – ***not Defendant***. In addition, Plaintiff has been using the GLOW RECIPE Mark since its founding in 2014, which is ***well before*** Defendant's founding in and around 2015 and its subsequent filing of its GLOW ORGANICS Mark on September 21, 2016.

25.     Given the confusing similarity of the Parties' marks, similar channels of trade, and similarity of the goods, reasonable consumers are likely to mistakenly believe that Defendant's business and services are sponsored, authorized, or approved by Plaintiff.

26.     Upon information and belief, Defendant intentionally seeks to trade upon the valuable goodwill, business reputation, and fame associated with the GLOW RECIPE Mark and Plaintiff's reputable skincare brand.

27.     Defendant's unauthorized and unlawful conduct constitutes federal trademark infringement and unfair competition and is causing Plaintiff to suffer irreparable injuries for which it has no adequate remedy at law.

**D.     _Defendant Bump Health's Unlawful Use of GLOW ORGANICS 9 Mark in Connection with Skincare Products_**

28.     Plaintiff also became aware that Defendant is offering skincare products under a confusingly similar brand -  - without Plaintiff's consent or authorization ("GLOW ORGANICS 9 Mark"). Examples of Defendant's products bearing GLOW ORGANICS 9 Mark are depicted below in Table 3:

**TABLE 3**



29.    Defendant does <u>not</u> own proprietary rights to the GLOW ORGANICS 9 Mark for skincare products.

30.    Indeed, Defendant has <u>no</u> trademark registration to cover skincare products under the GLOW ORGANICS 9 Mark.

31.    Rather, Defendant's unauthorized and unlawful use of the GLOW ORGANICS 9 Mark in the context of skincare products squarely infringes upon Plaintiff's registered and exclusive rights to the GLOW RECIPE Mark for skincare products.

32.    Indeed, Plaintiff has secured exclusive, registered rights to the GLOW RECIPE Mark in connection with skincare products – ***not Defendant***. In addition, Plaintiff has been using the GLOW RECIPE Mark since its founding in 2014, which is ***well before*** Defendant's founding in and around 2015 and its subsequent filing of its GLOW ORGANICS Mark on September 21, 2016.

10

33.     Given the confusing similarity of the Parties' marks, similar channels of trade, and similarity of the goods, reasonable consumers are likely to mistakenly believe that Defendant's business and goods are sponsored, authorized, or approved by Plaintiff.

34.     Upon information and belief, Defendant intentionally seeks to trade upon the valuable goodwill, business reputation, and fame associated with the GLOW RECIPE Mark and Plaintiff's reputable skincare brand.

35.     Defendant's unauthorized and unlawful conduct constitutes federal trademark infringement and unfair competition and is causing Plaintiff to suffer irreparable injuries for which it has no adequate remedy at law.

**E.      _Defendant Bump Health's Concerted and Meritless Effort to Damage Plaintiff's Well-Established GLOW RECIPE Brand_**

36.     Since 2014, Plaintiff has invested substantial time, expense, and effort into building and promoting its GLOW RECIPE brand.  Plaintiff's GLOW RECIPE products are widely available at large retailers across the United States.

37.     More than 8 years after Plaintiff commenced use of its GLOW RECIPE Mark in commerce, on December 22, 2022, Defendant sent a demand letter to Plaintiff. See **Exhibit D** attached hereto for a true and correct copy of Defendant's demand letter. Defendant's letter accused Plaintiff of encroaching upon Defendant's GLOW ORGANICS Mark by seeking to register a trademark application for the mark GLOW ESSENTIALS (Ser. No. 97135522) simply by virtue of the fact that both marks contain the word "GLOW."

38.     On January 12, 2023, Plaintiff responded to Defendant's letter, explaining that the GLOW ESSENTIALS application played off of its house brand – GLOW RECIPE – which was already well-established in the market, and further explained that consumers would not be confused.  See **Exhibit E** attached hereto for a true and correct copy of Plaintiff's response letter.

Plaintiff also noted that use of its house mark – GLOW RECIPE – predated the Defendant's GLOW ORGANICS Mark, so to the extent that any party could have priority rights to the word "GLOW" it would be Plaintiff – ***not Defendant.***

39.     Defendant then began a protracted and meritless effort to damage Plaintiff's long-standing GLOW RECIPE Marks and brand.

40.     On March 15, 2023, Defendant filed a Notice of Opposition with the Trademark Trial and Appeal Board opposing Plaintiff's trademark application for the mark GLOW RECIPE AVOCADO CERAMIDE MOISTURE BARRIER CLEANSER (Ser. No. 97470383), which covers "*cosmetics; non-medicated skin care preparations; all of the foregoing including avocado and ceramides in significant part*" in International Class 3. See **Exhibit F** attached hereto for a true and correct copy of the disputed trademark application; see also **Exhibit G** for a true and correct copy of Notice of Opposition No. 91283953 filed by Defendant.  In the Notice of Opposition, Defendant alleges without citing to any evidence that Plaintiff's trademark application "so closely resembles" Defendant's GLOW ORGANICS Mark that it is likely to cause consumer confusion.

41.     Doubling down on its efforts to damage Plaintiff's GLOW RECIPE Mark and brand, on August 8, 2023, Defendant filed a Petition to Cancel Plaintiff's GLOW RECIPE Mark with the Trademark Trial and Appeal Board. See **Exhibit H** attached hereto for a true and correct copy of Petition to Cancel No. 92082963 filed by Defendant. In the Petition to Cancel, Defendant alleges Plaintiff "abandoned" its rights to the GLOW RECIPE Mark because it did not "start selling its own GLOW RECIPE cosmetics, make-up, and skin care preparations until July 2017." (*See* **Exhibit H**, Petition to Cancel at ¶ 16.)

42.     Plaintiff again informed Defendant that it was mistaken. In reality, Plaintiff has been using the GLOW RECIPE Mark continuously in commerce in connection with cosmetics, make-up, and skin care preparations since at least as early as August 1, 2014.  Plaintiff explained to Defendant and provided proof of use of the GLOW RECIPE Mark in commerce dating back to August 1, 2014.  See **Exhibit I** attached hereto for a true and correct copy of Plaintiff's proof of use of the GLOW RECIPE Mark as early as August 1, 2014. This proof of use shows the GLOW RECIPE Mark on a subscription box containing cosmetics, make-up, and skin care preparations. Subscription boxes, containers, and packaging for goods are sufficient proof of use, and consumers would associate Plaintiff's GLOW RECIPE brand as the source of those cosmetic, make-up, and skin care preparation products.  Take, for example, an illustration of this trademark use from Harry & David: Harry & David sells gift baskets that contain their own goods sold under other trademarks. One such good is its famous popcorn, which is sold under the MOOSE MUNCH mark. This use does not negate or preclude the concurrent use of the HARRY & DAVID trademark for the same popcorn snack. Defendant's suggestion otherwise is meritless and amounts to a frivolous and unfounded attempt to damage Plaintiff's GLOW RECIPE Mark and well-known brand.

43.     Nonetheless, Defendant decided to triple down on its efforts to damage Plaintiff's GLOW RECIPE Mark and brand. On January 3, 2024, Defendant filed another Notice of Opposition with the Trademark Trial and Appeal Board.  See **Exhibit J** attached hereto for a true and correct copy of Notice of Opposition No. 91289012 filed by Defendant. This time, Defendant opposed several of Plaintiff's trademark applications, alleging without any evidence that each mark was somehow likely to be confused with Defendant's GLOW ORGANICS Mark.  See **Exhibit K** attached hereto for a true and correct copy of the disputed trademark applications.

44.     In total, Defendant has initiated three separate proceedings with the Trademark Trial and Appeal Board, either attempting to oppose or cancel no fewer than eight of Plaintiff's GLOW RECIPE Marks or related trademark applications.  This includes Defendant's meritless attempt to cancel Plaintiff's house mark GLOW RECIPE.  The following table identifies the marks at issue in each Trademark Trial and Appeal Board Proceeding:

| Trademark Trial and Appeal Board Proceeding | Mark(s) at Issue | Defendant's Meritless Allegations |
|---|---|---|
| **Cancellation No. 92082963** | **GLOW RECIPE** (Reg. No. 6934127) | Defendant alleges, despite evidence to the contrary, that Plaintiff "abandoned" this mark by not using it in commerce until July 2017. Plaintiff provided Defendant with evidence showing proof of use of the GLOW RECIPE Mark in commerce as early as August 1, 2014. |
| **Opposition No. 91283953** | **GLOW RECIPE AVOCADO CERAMIDE MOISTURE BARRIER CLEANER** (Ser. No. 97470383) | Defendant alleges, without evidence, that there is a likelihood of confusion between this mark and Defendant's GLOW ORGANICS Mark. |
| **Opposition No. 91289012** | **GLOWY SKIN PREP BESTIES** (Ser. No. 97623768) | Defendant alleges, without evidence, that there is a likelihood of confusion between these marks and Defendant's GLOW ORGANICS Mark. |
| | **VIRTUAL GLOWLAND** (Ser. No. 97326477) | |
| | **FUTURE GLOW-GETTER** (97761997) | |
| | **GLOW RECIPE FRUIT-FORWARD. CLINICALLY EFFECTIVE GLOWING SKIN. LIP BALM & GLOSS IN ONE** (Stylized) (Ser. No. 97629257) | |
| | **BEST OF GLOW WISHLIST** (Ser. No. 97747935) | |

| | **FRUIT-FORWARD. CLINICALLY EFFECTIVE. GLOWING SKIN.** (Ser. No. 97235036) | |

45.　Accordingly, Plaintiff seeks a declaration that its use and registration of its GLOW RECIPE Marks, and the related trademark applications at issue in the Trademark Trial and Appeal Board Proceedings, have not, do not, and will not infringe upon or otherwise violate any right of Defendant.

## COUNT I - GLOW ORGANICS MARK
## FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114(1)(a)

46.　Plaintiff incorporates the allegations contained in the paragraphs above by reference as if fully set forth herein.

47.　Plaintiff is the owner of the valid and protectable GLOW RECIPE Mark. Members of the consuming public have come to associate the GLOW RECIPE Mark with a single source – that is, Plaintiff.

48.　Defendant, without the informed consent of Plaintiff, has used the GLOW ORGANICS Mark that is confusingly similar to Plaintiff's GLOW RECIPE Mark in connection with retail store services for skincare products.

49.　Defendant's use in commerce of the GLOW ORGANICS Mark is likely to cause confusion, to cause mistake or to deceive consumers regarding the source of the services being offered.

50.　Plaintiff's rights in the GLOW RECIPE Mark, which it has continuously used in commerce throughout the United States since 2014, predates Defendant's first use of the GLOW ORGANICS Mark. Indeed, upon information and belief, Defendant's company was not even formed until around 2015.

51.     Defendant's unauthorized use in commerce of the GLOW ORGANICS Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

52.     Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the GLOW RECIPE Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

53.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

54.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT II - GLOW ORGANICS 9 MARK**
**FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114(1)(a)**

55.     Plaintiff incorporates the allegations contained in the paragraphs above by reference as if fully set forth herein.

56.     Plaintiff is the owner of the valid and protectable GLOW RECIPE Mark. Members of the consuming public have come to associate the GLOW RECIPE Mark with a single source – that is, Plaintiff.

57. Defendant, without the informed consent of Plaintiff, has used the GLOW ORGANICS 9 Mark that is confusingly similar to Plaintiff's GLOW RECIPE Mark in connection with skincare products.

58. Defendant's use in commerce of the GLOW ORGANICS 9 Mark is likely to cause confusion, to cause mistake or to deceive consumers regarding the source of the skincare products being offered.

59. Plaintiff's rights in the GLOW RECIPE Mark, which it has continuously used in commerce throughout the United States since 2014, predates Defendant's first use of the GLOW ORGANICS 9 Mark. Indeed, upon information and belief, Defendant's company was not even formed until around 2015.

60. Defendant's unauthorized use in commerce of the GLOW ORGANICS 9 Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

61. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the GLOW RECIPE Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

62. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

63.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III – GLOW ORGANICS MARK
## FEDERAL UNFAIR COMPETITION, 15 U.S.C. § 1125(A)

64.     Plaintiff incorporates the allegations contained in the paragraphs above by reference as if fully set forth herein.

65.     Defendant's unauthorized use in commerce of the GLOW ORGANICS Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

66.     Defendant's unauthorized use in commerce of the GLOW ORGANICS Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

67.     Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

68.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

18

70.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT IV – GLOW ORGANICS 9 MARK
## FEDERAL UNFAIR COMPETITION, 15 U.S.C. § 1125(A)

71.     Plaintiff incorporates the allegations contained in the paragraphs above by reference as if fully set forth herein.

72.     Defendant's unauthorized use in commerce of the GLOW ORGANICS 9 Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

73.     Defendant's unauthorized use in commerce of the GLOW ORGANICS 9 Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

74.     Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

75.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

76.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

77.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT V - GLOW ORGANICS MARK
### ILLINOIS COMMON LAW TRADEMARK INFRINGEMENT

78.     Plaintiff incorporates the allegations contained in the paragraphs above by reference as if fully set forth herein.

79.     Plaintiff is the owner of valid common law rights in the GLOW RECIPE Mark, which it has used continuously in connection with retail store services for skincare products well prior to Defendant's unauthorized use of the GLOW ORGANICS Mark in connection with similar services.

80.     With knowledge of Plaintiff's exclusive rights in the GLOW RECIPE Mark, and intending to trade on Plaintiff's goodwill and reputation in the marketplace, Defendant has adopted, used, and continues to use the GLOW ORGANICS Mark with the intent of confusing consumers and trade.

81.     Defendant's use of the GLOW ORGANICS Mark is likely to cause consumer confusion to the detriment of Plaintiff. Defendant's use has caused and will continue to cause confusion, mistake or deception as to the sponsorship, affiliation or source of Defendant's business in that consumers are likely to believe that Defendant's services are legitimately connected to, sponsored or approved by Plaintiff in violation of Illinois common law.

82.     By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain losses not yet calculated.

83.    Unless enjoined, Defendant's acts will cause Plaintiff continuing irreparable harm for which there is no adequate remedy at law.

84.    Defendant's actions were committed, and continue to be committed, in willful and wanton disregard of Plaintiff's rights in the GLOW RECIPE Mark, entitling Plaintiff to an award of punitive damages.

## COUNT VI - GLOW ORGANICS 9 MARK
## ILLINOIS COMMON LAW TRADEMARK INFRINGEMENT

85.    Plaintiff incorporates the allegations contained in the paragraphs above by reference as if fully set forth herein.

86.    Plaintiff is the owner of valid common law rights in the GLOW RECIPE Mark, which it has used continuously in connection with skincare products well prior to Defendant's unauthorized use of the GLOW ORGANICS 9 Mark in connection with similar products.

87.    With knowledge of Plaintiff's exclusive rights in the GLOW RECIPE Mark, and intending to trade on Plaintiff's goodwill and reputation in the marketplace, Defendant has adopted, used, and continues to use the GLOW ORGANICS 9 Mark with the intent of confusing consumers and trade.

88.    Defendant's use of the GLOW ORGANICS 9 Mark is likely to cause consumer confusion to the detriment of Plaintiff. Defendant's use has caused and will continue to cause confusion, mistake or deception as to the sponsorship, affiliation or source of Defendant's business in that consumers are likely to believe that Defendant's products are legitimately connected to, sponsored or approved by Plaintiff in violation of Illinois common law.

89.    By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain losses not yet calculated.

90.     Unless enjoined, Defendant's acts will cause Plaintiff continuing irreparable harm for which there is no adequate remedy at law.

91.     Defendant's actions were committed, and continue to be committed, in willful and wanton disregard of Plaintiff's rights in the GLOW RECIPE Mark, entitling Plaintiff to an award of punitive damages.

### COUNT VII – GLOW ORGANICS MARK & GLOW ORGANICS 9 MARK ILLINOIS COMMON LAW UNFAIR COMPETITION

92.     Plaintiff incorporates the allegations contained in the paragraphs above by reference as if fully set forth herein.

93.     Defendant has engaged in, and continues to engage in, conduct which is contrary to honest, industrial and commercial practice. Defendant's acts are calculated to procure an unfair competitive advantage by misappropriating the valuable goodwill and intellectual property developed by Plaintiff at substantial effort and expense.

94.     Defendant's conduct is and continues to be unlawful, and constitutes unfair competition in violation of the common law of the state of Illinois.

95.     By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain losses not yet calculated.

96.     Unless enjoined, Defendant's acts will cause Plaintiff continuing irreparable harm for which there is no adequate remedy at law.

### COUNT VIII DECLARATORY JUDGMENT OF NON-INFRINGEMENT BY PLAINTIFF

97.     Plaintiff incorporates the allegations contained in the paragraphs above by reference as if fully set forth herein.

98.     As a result of Defendant's actions, which include allegations of trademark infringement and challenges to Plaintiff's commercial use and registration of its GLOW RECIPE Marks and related trademark applications in connection with cosmetics, make-up, and skin care preparations, there is an actual controversy between Plaintiff and Defendant as to the Parties' rights and as to the legal relations associated with each Party's use of GLOW-formative marks.  An immediate, real, and substantial controversy exists between the Parties, who have adverse legal interests.

99.     Plaintiff has continuously used and intends to continue using its GLOW RECIPE Marks in interstate commerce.

100.     Defendant's position is that Plaintiff's use of its well-established and long-standing GLOW RECIPE Marks and related trademark applications will somehow confuse consumers and infringe upon Defendant's rights in its GLOW ORGANICS Mark for "organic cosmetics; non-medicated, organic skin care preparations."

101.     Plaintiff's use of the GLOW RECIPE Marks and related trademark applications does not infringe or dilute any of Defendant's trademark rights and does not violate any federal or state trademark or related law.

102.     A judicial determination is necessary and appropriate at this time to resolve the foregoing issues, and for the Parties to ascertain their respective rights and obligations as to their marks at this time.

103.     Plaintiff does not engage in any activities that harm or threaten any lawful rights of Defendant and is entitled to a declaration to that effect in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

      a.   Judgment entered in favor of Plaintiff and against Defendant as to each of the above Counts;

      b.   Defendant shall pay damages incurred by Plaintiff as a result of the unlawful acts perpetrated by Defendant;

      c.   Granting an injunction permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

            i.   distributing, providing, selling, marketing, advertising, promoting, using or authorizing any third party to distribute, provide, sell, market, advertise, promote, or use the GLOW ORGANICS Mark, or any other mark that is confusingly similar to Plaintiff's GLOW RECIPE Mark, in connection with retail store services for skincare products;

            ii.   distributing, providing, selling, marketing, advertising, promoting, using or authorizing any third party to distribute, provide, sell, market, advertise, promote, or use the GLOW ORGANICS 9 Mark, or any other mark that is confusingly similar to Plaintiff's GLOW RECIPE Mark, in connection with skincare products;

            iii.   engaging in any activity that infringes Plaintiff's rights in its GLOW RECIPE Mark;

iv.     engaging in any activity constituting unfair competition with Plaintiff;

v.      engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's GLOW RECIPE Mark;

vi.     making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's services or goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

vii.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the marks GLOW RECIPE, or any other mark that infringes or is likely to be confused with Plaintiff's GLOW RECIPE Mark, or any services of Plaintiff, or Plaintiff as their source; and

viii.   aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (viii).

d.   Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any services or goods sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services or goods.

e.   Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

f.   Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

g.   Awarding Plaintiff statutory damages in the amount of $100,000 for the infringing domain name pursuant to Section 35(d) of the Lanham Act (15 U.S.C. § 1117(d)).

h.   Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

i.   Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

j.   Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

k.   Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

l.   Declaring that Plaintiff's use and registration of its GLOW RECIPE Marks with goods and services relating to cosmetics, make-up, and non-medicated skin care preparations do not infringe upon, dilute, or otherwise violate any trademark right of Defendant under applicable federal or state law; and that Plaintiff is not liable to Defendant.

    m.  Declaring that Defendant's allegations in Cancellation Proceeding No. 92082963, and Opposition Proceeding Nos. 91283953 and 91289012, before the Trademark Trial and Appeal Board, are meritless and recommending that those proceedings be dismissed.

    n.  Awarding such other and further relief as the Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. Rule 38, Plaintiff hereby demands a trial by jury as to all issues so triable in this action.

Dated:  April 9, 2024

Respectfully submitted,

*/s/ William J. Dorsey*
William J. Dorsey
**BLANK ROME LLP**
444 West Lake Street, Suite 1650
Chicago, IL 60606
(312) 776-2512
william.dorsey@blankrome.com

Matthew A. Homyk
**BLANK ROME LLP**
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
(215) 569-5360
matthew.homyk@blankrome.com

*Counsel for Plaintiff*