# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ARAMARA BEAUTY, LLC, *doing business as* GLOW RECIPE, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:24-cv-1140 |
| v. ) ) | |
| BUMP HEALTH, INC., ) ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on motion by Defendant Bump Health, Inc., to stay the proceedings pending the decision of the Trademark Trial and Appeal Board ("TTAB" or the "Board"). (Doc. 5). Plaintiff Aramara Beauty, LLC, doing business as Glow Recipe, filed a Response in opposition. (Doc. 6). This matter is therefore ripe for review. For the following reasons, Defendant's Motion to Stay is granted.

### BACKGROUND

This case emerges from a trademark dispute between the two parties. Plaintiff is a limited liability company, organized and existing under the laws of New York, with its principal place of business also in New York. (Doc. 1 at 1). Founded in 2014, the company specializes in "prestige" skincare and is now a multi-million-dollar business. (Doc. 1 at 2, 4). Defendant Bump Health is an Illinois corporation with its principal place of business in Peoria, Illinois. (Doc. 1 at 1). It is labeled as a women's health brand, providing subscription boxes and products for expecting and postpartum mothers and their families. (Docs. 1 at 6; 5-1 at 2).

Communications between the parties began in 2022 when Defendant Bump Health sent Plaintiff Aramara Beauty a demand letter, accusing Plaintiff of "encroaching upon Defendant's GLOW ORGANICS [m]ark by seeking to register a trademark application for the mark GLOW ESSENTIALS[.]" (Doc. 1 at 11). After Plaintiff responded to the letter and informed Defendant that if "any party could have the priority rights to the word 'GLOW' it would be Plaintiff[,]" Defendant filed a Notice of Opposition with the TTAB, opposing Plaintiff's trademark application for a GLOW-formative mark on March 15, 2023. (Doc. 1 at 11–12).

Defendant's filings at the TTAB continued. On August 8, 2023, it filed a petition to cancel Plaintiff's GLOW RECIPE mark, accusing Plaintiff of abandoning the right to the mark because it did not begin selling its own products until 2017. (Doc. 1 at 12). Plaintiff alleges it started in August of 2014 and therefore did not abandon the right. (Doc. 1 at 13). Defendant filed another Notice of Opposition at the TTAB on January 3, 2024, for six different GLOW-formative marks, alleging that there is a likelihood of confusion between them and Defendant's GLOW ORGANICS mark. (Doc. 1 at 12).

Despite actively participating in the TTAB proceedings for over a year, Plaintiff Aramara Beauty initiated this lawsuit on April 9, 2024, alleging eight counts against Defendant Bump Health related to the trademark dispute. (Doc. 1). Since the initiation of the opposition and cancellation actions, each party has engaged in discovery, with the TTAB's scheduling order closing the discovery window in July of 2024. (Doc. 5-1 at 4). Defendant prepared a motion for summary judgment; however,

Plaintiff moved for a stay due to the initiation of this federal litigation. (Docs. 5-1 at 4–5; 6 at 1). Those proceedings came to a halt, as the Board recognized that federal courts also have authority to hear these types of cases under statute, and that this lawsuit will have "bearing on the issues before the Board." (Doc. 6-1 at 3) (citation omitted). Defendant Bump Health now moves for this Court to stay these proceedings to allow the TTAB to resume. (Doc. 5).

## LEGAL STANDARD

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). When evaluating a motion to stay, a court may consider "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the court." *Amodeo v. Grubhub, Inc.*, No. 17-cv-01284, 2017 WL 5166647, at *2 (N.D. Ill. Aug. 11, 2017) (internal quotation marks and citation omitted). The party moving for a stay has the burden of showing that it is warranted. *Fujitsu Ltd. v. Tellabs Operations, Inc.*, Nos. 08 C 3379, 09 C 4530, 2012 WL 987272, at *4 (N.D. Ill. Mar. 21, 2012) (citation omitted).

## DISCUSSION

Defendant Bump Health asks this Court to stay the proceedings to allow the TTAB to resume the cancellation proceeding regarding Plaintiff Aramara Beauty's GLOW RECIPE mark and the related opposition proceedings of seven GLOW-formative marks. (Doc. 5-1 at 6). Defendant argues that this initial decision will

simplify the issues in the Complaint, as Plaintiff's claims are based on its registration of the GLOW RECIPE mark. (Doc. 5-1 at 6, 8). In consideration of any undue prejudice to the non-moving party, Defendant reminds this Court that Plaintiff actively participated in the TTAB proceedings for almost a year and waited until the later stages of the administrative process to file any lawsuit. (Doc. 5-1 at 7–8).

In opposition to the Motion, Plaintiff argues that it will be prejudiced by the delay and points out that the TTAB already issued a stay of proceedings after this action was filed. (Doc. 6 at 1). Thus, the parties would have to move for the TTAB to resume the proceedings, costing both time and money, and even then, Plaintiff states the TTAB would not be able to dispose of the issues raised in the Complaint. (Doc. 6 at 2–3). Plaintiff contends that continuing with the TTAB proceedings will not streamline the matter, as granting the stay would require the parties to continue in three various United States Patent and Trademark Office ("USPTO") proceedings. (Doc. 6 at 3).

Consideration of the relevant factors warrants a stay. It is worthwhile to note that "[w]hile many courts have refused to stay civil infringement actions pending the conclusion of TTAB [ ] proceedings, others have granted a stay." *1661, Inc. v. Goatlift, LLC*, No. 24-CV-78, 2024 WL 1494034, at *2 (S.D. Ohio Mar. 27, 2024) (collecting cases that granted stays pending outcome of the TTAB proceedings); *see also Branded, LLC v. Vans, Inc.*, 2020 WL 8385656, *3–4 (C.D. Cal. Dec. 7, 2020) (issuing a stay pending the outcome of a cancellation action because if the TTAB found defendant had priority to the asserted marks, it would have preclusive effect on the

4

infringement action). Defendant Bump Health does not assert a primary jurisdiction argument, and this Court exercises its discretion to grant the stay, which will promote judicial economy.

First, the facts suggest that a stay will not unduly prejudice or tactically disadvantage Plaintiff Aramara Beauty. The Court can readily discount "[t]he general prejudice of having to wait for resolution[.]" *Sorensen v. Black & Decker Corp.*, No. 06CV1572, 2007 WL 2696590, at *5 (S.D. Cal. Sept. 10, 2007) ("The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay."). Although Plaintiff puts forth that a stay in this litigation would be "counterproductive, wasteful, and prejudicial," this Court wholly disagrees. Plaintiff Aramara Beauty initiated this lawsuit as the parties were nearing the close of discovery in the TTAB proceedings, after actively participating in those proceedings for over a year, and after having knowledge of Defendant's use of the GLOW ORGANICS mark since December of 2022. This delay "further indicates that [Plaintiff] will not suffer undue prejudice from a stay." *Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*, No. 14 C 856, 2014 WL 2505166, at *3 (N.D. Ill. May 29, 2014). The Court finds that consideration of this factor leans in favor of granting the stay.

Second, a stay would simplify the issues and streamline further litigation. The TTAB is a neutral body that functions like a court for trademark matters at the USPTO. The administrative trademark judges are authorized to determine a party's right to register a trademark with the federal government and the right to retain a trademark under challenge. There is both cancellation and opposition proceedings

5

ongoing, and "[o]pposition proceedings before the TTAB are in many ways similar to a civil action in a federal district court." *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 143 (2015) (internal quotations and citation omitted). The Court agrees with Defendant: if the TTAB cancels Plaintiff's registration of the GLOW-formative mark, then "a core part" of the case is unsupported (doc. 5-1 at 8), as the infringement claims rely on the registration of the trademark. *See, e.g., Ashe v. PNC Financial Services Group, Inc.*, 165 F. Supp. 3d 357, 359, 365 (D. Md. 2015) (concluding that a TTAB ruling denying registration of trademarks at issue in a trademark infringement case issue precluded the infringement suit).

Even if the TTAB does not cancel the registration, the parties might be encouraged to pursue settlement negotiations if a key issue is resolved, clarifying this disagreement. *See Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 17 C 7216, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019) ("The Court acknowledges Medline's argument that there is no guarantee that the PTAB will invalidate any claims at all in this case; however, even if no claims are canceled, the [USPTO] will still simplify the issues in this case, and might encourage settlement[.]"). The undersigned is cognizant that only a federal court can award damages and determine the other questions raised, like whether the trademark has been infringed; however, the issues presented here will be simplified if this matter is stayed.

Third, a stay would reduce the burden of litigation on both the parties and the Court. This case is in its earliest stage as Plaintiff has only filed the Complaint. By

6

not simultaneously litigating this case before both the TTAB and this Court, the parties will be able to conserve significant resources. As the *Ignite* court wrote,

> Without a stay, simultaneous proceedings present substantial risks that the parties and court will expend resources unnecessarily. If the USPTO cancels, or simplifies the claims, the parties in all likelihood will have engaged in unnecessary discovery. Two simultaneous proceedings addressing only the validity of the [trademark at issue] could also result in the court expending judicial resources on claim construction, to evaluate and rule on dispositive motions, and to conduct a trial, for infringement claims on invalid or narrowed patents. Such a result would render all of this work unnecessary.

2014 WL 2505166 at *4. A similar circumstance is present here—the TTAB's decision will simplify the claims brought in the lawsuit. Consideration of this factor, as well as the other two, weigh in favor of granting the motion to stay.

Plaintiff Aramara Beauty raises the issue that the parties will have to move to reopen the proceedings at the TTAB, as the matter was stayed pending resolution of this federal litigation, and generally expresses concern that there are three different proceedings open at the TTAB. (Doc. 6 at 3). To placate these worries, the Court reminds Plaintiff that the Board expressly stated that it would entertain such motion to reopen. (*See* doc. 6-1 at 5, n.5). Further, there is doubt that the various proceedings will cause Plaintiff greater issue, as the three matters not only concern the same questions of law, but have been consolidated into one. (*See* doc. 6-1 at 1). Defendant's Motion (doc. 5) is granted; this matter is stayed pending resolution of the parties' TTAB proceedings if resumed.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Bump Health's Motion to Stay the Proceedings (doc. 5) is GRANTED. This matter is STAYED pending the resolution of the proceedings before the Trademark Trial and Appeal Board. Plaintiff Aramara Beauty is ORDERED to inform the Court of the TTAB's decision to reopen the proceedings within seven days of it occurring.

SO ORDERED.

Entered this 28th day of October 2024.

                                                    s/ Joe B. McDade
                                                   JOE BILLY McDADE
                                     United States Senior District Judge